**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Lauren Hill,

      Plaintiff,

vs.

Target Corporation,

      Defendant.

Case No. 25-CV-04333-JMB-EMB

**JOINT RULE 26(f) REPORT**

---

The parties/counsel identified below participated in the meeting required by Fed. R. Civ. P. 26(f) and the Local Rules on **March 27, 2026**, and prepared the following report.

The initial pretrial conference in this matter is scheduled for **April 6, 2026** before United States Magistrate Judge Elsa Bullard, via Zoom.

## DESCRIPTION OF THE CASE

1.      Concise factual summary of Plaintiff's claims:

**Plaintiff alleges that Defendant subjected her to race discrimination, a hostile work environment, retaliation, disability discrimination, and failure to accommodate in violation of Title VII, the ADA, the FMLA, and the Minnesota Human Rights Act. Plaintiff contends that she was treated less favorably than similarly situated employees and subjected to discriminatory and retaliatory conduct after raising concerns about discrimination and requesting accommodations. Plaintiff further alleges that Defendant failed to adequately respond to her complaints and that the conduct she experienced was sufficiently severe or pervasive to alter the terms and conditions of her employment.**

**Plaintiff alleges that, despite her requests for reasonable accommodation, Defendant failed to engage in the interactive process in good faith and failed to provide accommodations that would have allowed her to continue performing her job. Plaintiff contends that Defendant imposed barriers to her ability to return to work and denied accommodations that were reasonable and available under the circumstances.**

**Plaintiff further alleges that her employment was terminated as a result of her protected status and protected activity, including her complaints of discrimination and requests for accommodation. Plaintiff contends that Defendant's stated reasons for its actions are pretextual and that its conduct resulted in significant economic and non-economic harm.**

2.    Concise factual summary of Defendant's claims/defenses:

**Defendant denies the allegations in Plaintiff's Complaint. The acts and omissions of Defendant (if any) and Plaintiff's employer Target Enterprise Inc., were motivated by legitimate, non-discriminatory and non-retaliatory reasons, and complied with applicable law. The incidents Plaintiff characterizes as "harassment" in her Complaint amount to ordinary workplace feedback and interpersonal conflict, not actionable harassment. Plaintiff cannot show that she suffered any adverse employment action because of any protected status or activity, and none of the conduct Plaintiff alleges was severe or pervasive.**

**For months, every leave Plaintiff requested was approved, and Defendant and/or Plaintiff's employer Target Enterprise Inc. consistently engaged in the interactive process, and only eventually denied Plaintiff's request for further leave when Plaintiff requested an indefinite extension of her leave without a definite return-to-work date.**

**At the time of Plaintiff's employment termination, she was not able to perform the essential functions of her role—most notably, regular attendance and cross-functional leadership—with or without reasonable accommodation; and her employment ended only after she declined to return to work following exhaustion of all of her paid and job-protected leave.**

3.    Statement of jurisdiction (including statutory citations):

**This Court has federal question jurisdiction under 28 U.S.C. § 1331, supplemental jurisdiction under 28 U.S.C. § 1367, and diversity jurisdiction under 28 U.S.C. § 1332.**

4.    Summary of factual stipulations or agreements:

**The parties agree to service by email.**

2

5.      Statement of whether a jury trial has been timely demanded by any party:

**Both Plaintiff and Defendant have demanded a jury trial.**

6.      Statement of whether all process has been served, all pleadings been filed and any plan for any party to amend pleadings or add additional parties to the action:

**All process has been served and all initial pleadings have been filed. The parties do not anticipate amending the pleadings or adding additional parties, but Defendant Target Corporation requests that it be replaced with Plaintiff's actual employer, Target Enterprise Inc.**

7.      If applicable, a list of all insurance carriers/indemnitors, including limits of coverage of each defendant or statement that the defendant is self-insured:

**Not applicable.**

8.      If the parties would like the case resolved under the Rules of Procedure for Expedited Trials of the United States District Court for the District of Minnesota, a statement of the parties' agreement to that effect.

**The parties do not agree to resolve the matter pursuant to these rules.**

## <u>DISCOVERY</u>

Pursuant to Fed. R. Civ. P. 26(f), the parties must prepare a discovery plan that is designed to maximize the efficiency of pretrial case preparation. The parties must review and address each of the matters set forth in Fed. R. Civ. P. 26(f)(3)(A)-(F) and design a discovery plan that is appropriate and proportionate to the case. The Court expects counsel and parties to cooperate in the development and implementation of the discovery plan.

The details of the discovery plan should be set forth in this Report. The following discovery schedule and limitations are intended to guide the parties and should be useful in the ordinary case; however, the parties are encouraged to reach agreement on, and suggest to the Court, a discovery plan that takes into account the unique circumstances of the individual case. To the extent the parties cannot reach agreement on any particular item, they should set forth their separate positions in this section so that they can be discussed at the Pretrial Conference.

## FACT DISCOVERY

The parties recommend that the Court establish the following fact discovery deadlines and limitations:

1. The parties must make their initial disclosures under Fed. R. Civ. P. 26(a)(1) on or before **April 30, 2026**.

2. Fact discovery procedures shall be commenced in time to be completed on or before **March 23, 2027**.

3. The parties **do not** believe that discovery should be conducted in phases or limited to or focused on certain issues or certain sources before others.

4. The parties propose that the Court limit the use and number of discovery procedures as follows:

   a. No more than a total of **25** interrogatories counted in accordance with Rule 33(a), shall be served by each side.

   b. Defendant proposes no more than **35** document requests served by each side. Plaintiff proposes no more than **50** document requests served by each side. The parties understand that objections to document requests must meet the requirements of Rule 34(b)(2)(B).

   c. No more than **35** requests for admissions shall be served.

5. No more than **1** Rule 35 Medical Examination shall be taken by Defendant and completed by **March 23, 2027**.

6. Defendant proposes no more than **7** depositions, including expert witness depositions, taken by each side. Plaintiff proposes no more than **13** depositions, including expert witness depositions, taken by each side.

## EXPERT DISCOVERY

The parties anticipate that they **will** require expert witnesses at trial, and propose that the Court establish the following plan for expert discovery:

1. Plaintiff anticipates calling up to **3** experts. Defendant anticipates calling up to **2** experts. Each side may take one deposition per expert.

2. Disclosure of the identities of expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B) (accompanied by the written report prepared and signed by the expert witness) and the full disclosures required by Rule 26(a)(2)(C), shall be made as follows:

   a. Identities by Plaintiff on or before **November 12, 2026**.
      Disclosures by Plaintiff on or before **December 1, 2026**.

   b. Identities by Defendant on or before **November 26, 2026**.
      Disclosures by Defendant on or before **December 15, 2026**.

   c. Rebuttal Identities and disclosures on or before **January 7, 2027**.

3. Expert discovery, including depositions, shall be completed by **February 16, 2027**.

## PRESERVATION OF DOCUMENTS AND ELECTRONIC DISCOVERY

Discovery of Electronically Stored Information. The parties have discussed issues about preservation, disclosure, production, or discovery of electronically stored information, as required by Fed. R. Civ. P. 26(f), and request the Court to include the following agreement in the scheduling order:

**Documents will be produced in .pdf form (except as noted below). Emails will be produced in their native format or a TIFF image file and corresponding load file. If metadata of other documents is determined to be relevant; or, if certain data is best produced in its native format (e.g. audio recordings or Excel files), then data may be produced in native format or a reasonable, minimal expense alternative format (e.g. a print screen image of the properties for a Word document).**

**Text messages will be produced by means of screen capture or in a .pdf format where feasible, provided that the date, time, and identities of parties is ascertainable from the screen capture.**

**If the parties believe the method of production is insufficient to provide relevant and responsive information or metadata, they shall meet and confer regarding an alternative format of production, if any. The parties do not currently anticipate comprehensive use of search terms in the collection of ESI, however, should any party conclude that another party's production of ESI is incomplete, counsel for the parties shall confer about the use of search terms, and may suggest search terms that should be used to identify responsive ESI.**

## NON-DISPOSITIVE MOTION DEADLINES

The parties propose the following deadlines for filing non-dispositive motions:

1. Except as provided in paragraphs 2 and 3 below, all motions to amend the pleadings must be filed and served on or before **May 21, 2026**.

2. All motions that seek to add parties must be filed and served on or before **May 21, 2026**.

3. Defendant proposes all motions that seek to amend the pleadings to include punitive damages, if applicable, be filed and served on or before **December 15, 2026**. Plaintiff proposes all motions that seek to amend the pleadings to include punitive damages, if applicable, be filed and served on or before **July 29, 2027**.

4. Except as provided in paragraph 4 below, all non-dispositive motions and supporting documents, including those that relate to fact discovery, shall be filed and served on or before **two weeks after the close of fact discovery**.

5. All non-dispositive motions and supporting documents that relate to expert discovery shall be filed and served on or before **two weeks after the close of expert discovery**.

## DISPOSITIVE MOTION DEADLINES

The parties **do not** believe that expert discovery must be completed before dispositive motions are filed. The parties recommend that all dispositive motions be filed and served (and heard, depending on District Judge assigned) on or before **July 29, 2027**.

## PRIVILEGE/PROTECTION

The parties have discussed issues about claims of privilege and of protection as attorney work-product or trial preparation materials, as required by Fed. R. Civ. P. 26(f), including whether the parties agree to a procedure to assert these claims after production, or have reached any other agreements under Fed. R. Evid. 502, and **have included their agreement in their proposed Protective Order**.

## PROTECTIVE ORDER

**The parties have jointly submitted a stipulation for Protective Order.**

6

## SETTLEMENT

1. The parties must conduct a meaningful discussion about possible settlement before the initial pretrial conference, including a written demand by the Plaintiff(s) and a written response by each Defendant. The parties must also discuss whether private mediation or an early settlement conference with the Court (or another form of alternative dispute resolution) would be productive and, if so, when it should occur and what discovery, if any, would be necessary to conduct before such a conference. The results of that discussion, including any proposals or recommendations, are as follows:

   **The parties have exchanged demands/offers, but have not come to an agreement on settlement. The parties propose that a settlement conference be scheduled to take place after the parties have completed some initial discovery, including plaintiff's deposition.**

## TRIAL

1. Trial by Magistrate Judge:

   The parties **have not** agreed to consent to jurisdiction by the Magistrate Judge pursuant to Title 28, United States Code, Section 636(c).

2. The parties agree that this case will be ready for trial on **November 15, 2027**. The anticipated length of the **jury** trial is **5** days.

7

Dated: March 30, 2026       **KENNEDY HUNT, P.C.**

By: */s/ Hayley Leach-Stratton*
     /s/ Sarah Jane Hunt
     Sarah Jane Hunt (*pro hac vice*)
     Hayley Leach-Stratton (*pro hac vice*)
     4500 W Pine Blvd
     St. Louis, MO 63108
     Tel: (314) 872-9041
     Fax: (314) 872-9043
     sarahjane@kennedyhuntlaw.com
     hayley@kennedyhuntlaw.com

     **Attorneys for Plaintiff**

Date: March 30, 2026       **NILAN JOHNSON LEWIS PA**

By: */s/Cody B. Humpherys*
     Katie M. Connolly (#338357)
     Cody B. Humpherys (#0505193)
     250 Marquette Avenue South, Suite 800
     Minneapolis, MN 55401
     Telephone: 612-305-7500
     Fax: 612-305-7501
     kconnolly@nilanjohnson.com
     chumpherys@nilanjohnson.com

     **Attorneys for Defendant**